UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BONITA MCCLENDON and
ELLIOTT MCCLENDON, a minor,

    Plaintiffs,

vs.

Case No. 04-CV-71829
HON. GEORGE CARAM STEEH

CITY OF DETROIT, a Michigan municipality,
HERMAN HOPE, LINDA K. GILBERT,
JERRY OLIVER, former Chief of Police, and
DETROIT POLICE DEPARTMENT,

    Defendants.



FILED
OCT - 4 2005
CLERK'S OFFICE
DETROIT

_____/

OPINION AND ORDER
GRANTING IN PART DEFENDANT CITY OF DETROIT'S
MOTION FOR SUMMARY JUDGMENT (#31) AS TO CITY OF DETROIT
AND DEFENDANT OLIVER, AND;
HOLDING IN ABEYANCE DEFENDANT CITY OF DETROIT'S MOTION FOR
SUMMARY JUDGMENT (#31) AS TO DEFENDANTS HOPE AND GILBERT
PENDING ORDERED SUBMISSION ON OR BEFORE NOVEMBER 1, 2005

Defendant City of Detroit moves for summary judgment as to plaintiffs Bonita McClendon's and Elliott McClendon's 42 U.S.C. § 1983 claims as alleged against defendants City of Detroit, Detroit Police Officers Herman Hope and Linda Gilbert, and former Detroit Chief of Police Jerry Oliver. A hearing on the motion was held on September 27, 2005.

## I. Background

Plaintiffs filed this lawsuit on May 13, 2004 alleging that at 4:00 a.m. on June 8, 2002, defendant Detroit Police Officers Hope and Gilbert entered their home without

consent or a search warrant, and detained and interrogated the plaintiffs for over an hour concerning the whereabouts of Officer Gilbert's teenage daughter Cassandra Gilbert. Plaintiff Elliott McClendon was 15 years of age at the time, and was apparently dating Officer Gilbert's daughter. Plaintiffs allege Officers Hope and Gilbert were uniformed, visibly armed, and on duty.

This lawsuit is a companion case to a prior federal lawsuit before this court, McClendon v. City of Detroit, 02-73681 ("McClendon I"), which was remanded to Michigan's Wayne County Circuit Court on October 29, 2002 based on plaintiffs' Counsel's assertion that the plaintiffs were not alleging any federal claims. When filing the instant lawsuit ("McClendon II"), plaintiff's Counsel identified McClendon I and Wayne County Circuit Court Case No. 02-228947 pending before Judge Warfield Moore as related cases.

On August 4, 2004, the Detroit Police Department was dismissed from this lawsuit as an improper party-defendant. The court also dismissed plaintiffs' alleged state law claims pursuant to plaintiffs' Counsel's admission that the plaintiffs did not intend to pursue state claims in federal court. See August 4, 2004 Opinion and Order, at 3-4. The court also recognized its discretion to dismiss duplicative state claims pending in the Wayne County state court case. Id. at 4. Only the plaintiffs' federal § 1983 Fourth Amendment claims alleged against City of Detroit, Oliver, Hope, and Gilbert remained before this court. Id. Discovery cut-off was set for March 1, 2005, a dispositive motion cut-off date was set for April 1, 2005, and trial was scheduled for July 26, 2005. See November 1, 2004 Scheduling Order. A clerk's entry of default entered against defendant Officer Gilbert on May 13, 2005, and against defendant Officer Hope on May 16, 2005.

On June 15, 2005, the court granted defendant City of Detroit leave to file a June

2

3, 2005 motion for summary judgment. The court granted leave, in part, based on City of Detroit's assertion that Hope and Gilbert were to be dismissed from this lawsuit pursuant to a May 16, 2005 settlement reached in the state court lawsuit. See City of Detroit's June 4, 2005 Motion for Summary Judgment, ¶ 6, at 2; Brief, at 2. In moving for summary judgment, City of Detroit also argues that Officers Hope and Gilbert were acting privately in searching for Gilbert's daughter, and that their private conduct was not the result of an official City of Detroit policy, custom, or practice. City of Detroit argues it cannot be held vicariously liable for the alleged private torts committed by the defendant Officers. City of Detroit also asserts that the defendant Officers were not acting under color of state law considering it is undisputed that Officer Gilbert left her precinct boundary with Officer Hope without permission. City of Detroit further maintains that former Police Chief Oliver has never been served.

## II. Standard of Review

Federal Rule of Civil Procedure 56(c) empowers the court to render summary judgment "forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." See FDIC v. Alexander, 78 F.3d 1103, 1106 (6th Cir. 1996). The standard for determining whether summary judgment is appropriate is "'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" Winningham v. North Am. Resources Corp., 42 F.3d 981, 984 (6th Cir. 1994) (citing Booker v. Brown & Williamson Tobacco Co., 879 F.2d 1304, 1310 (6th Cir. 1989)). The evidence and all reasonable inferences arising therefrom must

3

be construed in a light most favorable to the non-moving party. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Enertech Elec., Inc. v. Mahoning County Comm'r, 85 F.3d 257, 259 (6th Cir. 1996); Wilson v. Stroh Co., Inc., 952 F.2d 942, 945 (6th Cir. 1992). If the movant establishes by use of the materials specified in Rule 56(c) that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law, the opposing party must come forward with "specific facts showing that there is a genuine issue for trial." First Nat'l Bank v. Cities Serv. Co., 391 U.S. 253, 270 (1968); see also Adams v. Philip Morris, Inc., 67 F.3d 580, 583 (6th Cir. 1995). The nonmoving party cannot rest on its pleadings to avoid summary judgment, but must support its claim with probative evidence. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Kraft v. United States, 991 F.2d 292, 296 (6th Cir.), cert. denied, 510 U.S. 976 (1993).

### A. Defendant City of Detroit

Plaintiffs have failed to meet their burden of coming forward with probative evidence that would allow a reasonable jury to conclude that a City of Detroit policy, custom, or practice was a proximate cause, or "moving force," behind Officers Hope's and Gilbert's warrantless entry into the plaintiffs' home. See Oklahoma v. Brown, 520 U.S. 397, 403-404 (1997) (citing Canton v. Harris, 489 U.S. 378, 389 (1989) and Monell v. Department of Social Services, 436 U.S. 658, 694 (1978) in recognizing that a municipality's unconstitutional policy must be the "moving force" behind a constitutional violation, or "a direct causal link between the municipal action and the deprivation of federal rights"). Plaintiffs' proffered deposition testimony of Detroit Internal Affairs Officer Alicia Smith demonstrates that City of Detroit investigated the incident after receiving an administrative complaint from plaintiff Bonita McClendon, determined that Officers Hope and Gilbert had

engaged in "personal matters" in violation of City of Detroit rules and regulations, and disciplined the Officers' with a job suspension. Smith June 30, 2003 Deposition Transcript, at 23, 29, 33 (Plaintiffs' Exhibit C). Plaintiffs' Counsel clarified at the September 27, 2005 hearing that the Officers were suspended for 100-120 days without pay. Contrary to plaintiffs' argument, the proffered evidence supports a finding that the City of Detroit did not have a policy, custom, or practice of condoning the unauthorized use of police authority to accomplish personal objectives. Plaintiffs' proffered transcript of Gilbert's and Hope's state criminal bench-trial on charges of "entering without permission," at which they were each acquitted, likewise does not support a finding of a City of Detroit unconstitutional policy, custom, or practice that caused the alleged events of June 8, 2002. See Plaintiffs' Exhibit A. Construing the pleadings and evidence in a light most favorable to the plaintiffs, City of Detroit is entitled to summary judgment of plaintiffs' § 1983 claims as a matter of law because plaintiffs cannot prove that a City of Detroit policy, custom, or practice was a direct causal link or "moving force" behind Officers Hope's and Gilbert's alleged actions. Winningham, 42 F.3d at 984; Brown, 520 U.S. at 403-404; Harris, 489 U.S. at 389; Monell, 436 U.S. at 694.

### B. Defendant Oliver

Contrary to plaintiffs' argument, plaintiffs have not filed with the court a copy of an executed summons evidencing that service of process was ever timely accomplished upon defendant Oliver. Unlike actions taken with respect to defendants Officers Hope and Gilbert, plaintiffs have not attempted to secure a clerk's default against defendant Oliver for failing to answer or otherwise defend. Plaintiffs were granted a summons extension through September 2, 2004 to accomplish service upon Oliver. See July 13, 2004 Order.

Plaintiffs have not proffered evidence indicating that Oliver was served prior to the expiration of the summons on September 3. 2004. Defendant Oliver will be dismissed from this lawsuit without prejudice as a matter of law. Winningham, 42 F.3d at 984.

### C. Defendants Hope and Gilbert

At the outset, an appearance has not yet been filed on behalf of Officer Gilbert or Officer Hope. Neither Officer Gilbert nor Officer Hope have filed an answer nor otherwise defended against the claims alleged in the May 13, 2004 complaint, and as a result, they were defaulted, respectively, on May 13 and 15, 2005.

Nevertheless, plaintiffs do not dispute that a settlement was placed on the record in the state court action pending before Wayne County Judge Warfield Moore in McClendon I. The parties only dispute is whether the state court settlement included as a material term the dismissal of Officers Gilbert and Hope from this federal lawsuit. The parties have not proffered the state court settlement hearing transcript, or a state court judgment, in attempting to show whether Officers Gilbert and Hope should be dismissed from this lawsuit pursuant to the settlement reached in the McClendon I state action. If the plaintiffs did agree as part of a settlement in state court to dismiss their § 1983 claims as alleged here in McClendon II against Officer Gilbert and Officer Hope, plaintiffs' § 1983 claims before this court have been rendered moot and are subject to dismissal.[1] See United States v. Munsingwear, 340 U.S. 36, 38-39 (1950) (recognizing that res judicata bars relitigation even if the second suit is for a different cause of action). Plaintiffs'

---

[1] Plaintiffs do not dispute that a settlement was reached in state court in McClendon I on May 16, 2005, and that Wayne County Judge Moore denied plaintiff's motion to rescind the settlement on August 5, 2005. It is the terms of the settlement that remain in dispute.

6

Counsel's anticipated appeal of any state judgment enforcing a settlement that includes the dismissal of Officers Gilbert and Hope from this federal lawsuit does not preclude dismissal of the § 1983 claims alleged against Gilbert and Hope pending the results of an appeal. Munsingwear, 340 U.S. 39-40 (recognizing that dismissal for mootness is the proper remedy pending an appeal, facilitating future relitigation should the appealed order or judgment rendering the claims moot be reversed).

At the September 27, 2005 hearing, plaintiffs' Counsel expressed an intent to secure a copy of the state court settlement transcript within 30 days. Counsel for both plaintiffs and defendant City of Detroit will be given time to file with the court: (1) a stipulation regarding the terms of the plaintiffs' state court settlement, and specifically, whether plaintiffs agreed in state court to dismiss Gilbert and Hope from this lawsuit; (2) any final judgment entered by the state court, and/or; (3) a copy of the state court settlement transcript for this court's review should the parties entertain a legitimate dispute as to the terms of the state court settlement. This court notes that any disagreement as to the terms of the state court settlement must not be presented for an improper purpose, and must have evidentiary support in the record. Fed R. Civ. P. 11(b). Counsel are forewarned that any frivolous or unsupported disagreement as to the material terms of the state court settlement will result in sanctions being entered upon the offending Counsel. Fed. R. Civ. P. 11(c). The court will hold City of Detroit's motion for summary judgment as to defendants Gilbert and Oliver in abeyance pending receipt of the partes' submissions as ordered below.

### III. Conclusion

Defendant City of Detroit's motion for summary judgment is hereby GRANTED as

to defendants City of Detroit and defendant Jerry Oliver. Defendant City of Detroit is hereby DISMISSED with prejudice. Defendant Oliver is hereby DISMISSED, without prejudice, for lack of service of process. Defendant City of Detroit's motion for summary judgment as to defendants Officers Hope and Gilbert is hereby held IN ABEYANCE to the extent that plaintiffs and defendant City of Detroit are hereby ORDERED to file with the court, on or before November 1, 2005: (1) a stipulation regarding the terms of the plaintiffs' state court settlement, specifically, whether plaintiffs agreed in state court to dismiss Gilbert and Hope from this lawsuit; (2) any final judgment entered by the state court, and/or; (3) a copy of the state court settlement transcript for this court's review should the parties entertain a legitimate dispute as to the terms of the state court settlement as reflected in the state court record.

    SO ORDERED.

                                  s/George Caram Steeh
                                  GEORGE CARAM STEEH
                                  UNITED STATES DISTRICT JUDGE

Dated: October 4, 2005

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record on October 4, 2005, by electronic and/or ordinary mail.

                                  s/Josephine Chaffee
                                  Secretary/Deputy Clerk